No. 7306.

CITY OF NEW ORLEANS VS. EUGENE WAGGAMAN ET ALS.

In a suit against a sheriff and his sureties to recover moneys received by him by virtue or under colour of his office, the defence that the lower court was without jurisdiction *ratione materiæ* of the several suits wherein the moneys were received, cannot be urged in this court.   *Aliter*, if the appeal were from a judgment in one of those suits.

The question of jurisdiction of the original suits is a collateral issue in a suit for the recovery of moneys received under the judgments in them, and if pleadable at all (upon which the court reserves its opinion), can be pleaded alone in the lower court and specially.   The general issue does not suffice to cover such defence.

City of New Orleans *vs.* Waggaman.

The provision in the City Charter of 1870, for issuing writs of provisional seizure for unpaid licenses, is germain to the objects set out in the title of the Act, which therefore is not unconstitutional because not expressed therein.

The writ of provisional seizure issues on a moneyed demand and directs the seizure of property. When the defendant tenders the money, the sheriff dare not seize, and the failure to specify in the writ the sum of money for which the seizure is to be made does not change the nature of the writ. The sheriff can lawfully take property, and therefore can receive money instead, and where he receives it, his sureties are responsible for it.

A breach of the bond is sufficiently charged by the allegation that the sheriff received the sums of money, and that he has failed to pay over after repeated demands therefor in writing.

The fact that the City Attorney gave the sheriff a discretion as to to the cases in which he should seize, and an agreement between the city and the sheriff to leave the fund in certain cases in his hands until the final disposition of them, does not relieve the sureties of responsibility.

The sureties of a sheriff are entitled to have the property of their principal discussed before execution is issued against them, but not before judgment.

Where a bond is given for a sum, and there are several sureties, each binding himself for a sum less than the whole, technical solidarity is not thereby created, but judgment will be rendered against each up to the amount for which the lowest is bound, and against those who are bound for more up to the respective sums for which they are bound.

Sureties have not the right of division as against the creditor, but only *inter sese*, should one of them pay all, or more than his share, and call for contribution.

APPEAL from the Third District Court of New Orleans  MONROE, J.

*Blanc* for plaintiff.   T. C. *Ellis* and *Breaux, Fenner & Hall* for Defendants Appellants.

Waggaman, late civil sheriff of Orleans, and his sureties were sued for $3,535.65 received under sixty-one writs of provisional seizure issuing out of the Superior District Court, at the suit of the city against as many persons for unpaid licenses. It was consented that $1,500 of this should be held by the sheriff until four of the suits should be finally decided, and they were decided in favour of the city. She had judgment below for $2,172.75. The defendants appealed.

SPENCER, J.  It is shewn that the allegations of the plaintiff are substantially true. Waggaman pleaded a general denial. The sureties excepted that the petition disclosed no cause of action as to them ; and reserving their exception, answered in substance that they can in no event be held for more than the amounts for which they

severally bound themselves in said bond, that no execution can issue as to them until the property of their principal shall have been discussed, and that in the event of judgment against said principal they will point out property of said principal and advance the costs of dismissing it. Wherefore, they plead the benefit of division and discussion. In conclusion they plead a general denial of the liability of Waggaman or themselves. In this court for the first time, and in argument only, it is urged that in fifty-four of the sixty-one license suits aforesaid, the Superior District Court was without jurisdiction *ratione materiæ*, for the reason that they did not exceed in amount $100 exclusive of interest, and the Act No. 74 of 1873, conferring jurisdiction in all tax suits on said court is attacked as violative of Art. 83 of the Constitution.

If the suit before us were one of those tax suits, and the defendant were urging want of jurisdiction *ratione materiæ*, we would be called upon to decide it. But the case before us is one to compel the sheriff and his sureties to pay over moneys received by virtue, or at least, under color of writs issued in those suits. The question of jurisdiction in the court issuing them is therefore a mere collateral point, and, if pleadable at all by the sheriff and his sureties, upon which we express no opinion, it could only be done as a special defence; and it is not admissible under a general denial. If the sheriff were being sued for failure to execute the writs, we think that as cause therefor he might shew that the court issuing them had no authority, but then only by a special plea. It is further objected in argument that there is no law authorizing the issue of writs of provisional seizure for unpaid licenses. Section 20 of the City Charter (see Act No. 30 of Extra Session of 1870) expressly provides that remedy. It is said this section is unconstitutional, as no mention is made of licenses or license suits in the title of the Act. The title of the Act is: "An Act to extend the limits of the Parish of Orleans, and to change the boundaries of the Parishes of Orleans and Jefferson, and to consolidate the cities of New Orleans and Jefferson, and to provide for the government of the city of New Orleans, and the administration of the affairs thereof," etc, etc. The Act creates and grants the city a new charter. The title we think sufficiently designates its purpose. Section 20 is germain thereto. See Southern Bank *v.* New Orleans, 31 La. Ann., and authorities there cited.

City of New Orleans *vs.* Waggaman.

On the merits the principal question is, did the writs of provisional seizure authorize the sheriff to receive from the debtors, against whose goods, chattels, and effects they were issued, sums of money?

This writ issues on a money demand and "in order to secure its payment." C. P. 284. It commands the sheriff to seize the property of defendant in order to secure plaintiff's claim. Where the defendant tenders to the officer executing the writ, the full amount in money of that demand in satisfaction of the same, the sheriff cannot refuse to take it, and subject the debtor to the inconvenience, loss and expenses of a seizure. The sheriff in such case would be a trespasser, if he persisted in seizing under such circumstances. But it is said, that in these cases the writs did not specify the amounts due plaintiff. That omission does not change the nature of the writ. Again, the writ commanded the sheriff to seize the goods and personal effects of the defendant. If the sheriff could lawfully receive or take furniture and other chattels under it, why not money? The money in these cases was delivered to the sheriff under the writ "in order to secure" plaintiff's demand. He had a right, it was his duty, as sheriff to receive it, and he and his sureties are bound therefor.

It is said that plaintiff's petition alleges no breach of the bond. It alleges that Waggaman as sheriff received these sums, and that after repeated demands in writing, he fails and neglects to pay. This was a breach of his bond.

We do not see that the fact of the city attorney giving the sheriff in these suits a discretion as to the cases in which he should seize, in anywise effects the case. It was very proper in order to save the costs of fruitless seizures. No more did the agreement between the city and the defendant in the four cases to leave the fund in the hands of the sheriff, until final decision, relieve the sheriff of his official responsibility. He was the proper custodian of the fund until legally withdrawn from him, by bond of one or the other party, or by decree of court. The parties agreed not to exercise this right of release.

The sureties of a public officer are by statute entitled to have the property of their principal discussed before execution issues against them. R. S. 2417.

---

The sureties in this case are not bound *in solido*, but are bound severally.    The bond is for $50,000 ; but each surety does not bind himself for the whole, or for the same sum.    Some bind themselves for $2,000, some for $3,000, some for $5,000.    The aggregate of their several obligations is $50,000.    This is not technical solidarity.  See 2 R. 538.    But the plaintiff is entitled to a judgment against each for the whole debt, up to the amount for which each is obligated in the bond.    The judge *a quo* has substantially done this by condemning all those who are bound for as much as $2,000 to pay *in solido* that sum ; and by condemning those who are bound for a sum greater than the judgment, to pay *in solido* the excess of the judgment over $2,000.    It would perhaps have been theoretically more correct, to condemn separately each of those whose obligation was less than the judgment, to pay to the extent of his obligation ; and each of those whose obligation exceeded the judgment to pay the whole judgment with the stipulation that there should be but one satisfaction. We know no law that gives these sureties the right of division as against the creditor.    What their rights are *inter sese*, will have to be determined, should one of them pay all or more than his share and call on the other for contribution.

The judgment below must be amended, by adding thereto as follows : "It is further decreed that no execution shall issue on this judgment against said sureties until the property of the principal, Eugene Waggaman shall have been discussed."

*Judgment affirmed as amended.*